COOLEY GODWARD KRONISH LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
BENJAMIN H. KLEINE (257225)
(bkleine@cooley.com)
SARAH R. BOOT (253658)
(sboot@cooley.com)
NEHA MARATHE (252304)
(nmarathe@cooley.com)
101 California Street
5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
YELP! INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CATS AND DOGS ANIMAL HOSPITAL, INC. et al., on behalf of itself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> YELP! INC., <br><br> Defendant. | Case No. CV 10-01340 VBF(SSx) <br><br> **DEFENDANT YELP! INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Hearing Date: May 3, 2010 <br> Hearing Time: 1:30 p.m. <br> Judge: Hon. Valerie Baker Fairbank |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

**TABLE OF CONTENTS**

Page

INTRODUCTION ..........................................................................................................1

ARGUMENT…………………………………………………………………………….2

I. PLAINTIFFS' CLAIMS UNDER THE PENAL CODE SHOULD BE DISMISSED (COUNTS I AND II) ............................................................2

 A. There Is No Authority to Bring a Civil Penal Code Claim and a Claim for "Civil Extortion" Should Not Be Created ..........................2

 B. Even if This Court Allows a Claim for Civil Extortion, Plaintiffs Have Failed to State Such a Claim in Count I ....................................4

  1. No "Wrongful" Use of Fear Properly Alleged ..........................4

  2. Sponsor Plaintiffs Do Not Specifically Allege Coercion, But Do Admit Being Motivated by Business Advantages .........6

  3. Coercion Has Not Been Adequately Pled .................................6

II. PLAINTIFFS FAIL TO STATE A CLAIM FOR INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE (COUNT III).............7

 A. Plaintiffs Do Not Plead Damages to Their Business Goodwill with the Requisite Particularity................................................................7

 B. Plaintiffs Have Failed as a Matter of Law to Establish that the Alleged Interference by Yelp Was Independently Wrongful...............8

III. THE NON-SPONSOR PLAINTIFFS DO NOT HAVE STANDING UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 (COUNT IV)..........................................................................9

IV. PLAINTIFFS' CLAIMS FAIL TO SATISFY RULE 9(B)'S HEIGHTENED PLEADING REQUIREMENTS .........................................9

 A. Plaintiffs' Claims Are All Grounded in Fraud ...................................9

 B. Plaintiffs Fail to Plead with Particularity ..........................................11

CONCLUSION .................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Animal Legal Defense Fund v. Mendes*,
  160 Cal. App. 4th 136 (2008) ................................................................................ 4

*Arista Records v. Sanchez*,
  No. CV 05-07046 FMC, 2006 WL 5908359 (C.D. Cal. Mar. 1, 2006) .......... 2, 3

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ............................................................................................ 6

*Crusader Ins. Co. v. Scottsdale Ins. Co.*,
  54 Cal. App. 4th 121 (1997) ................................................................................... 3

*Diodes, Inc. v. Franzen*,
  260 Cal. App. 2d 244 (1968) ............................................................................ 7, 8

*Flowers v. County of Fresno*,
  No. CV F 09-0051 LJO GSA, 2009 WL 1034574 (E.D. Cal. Apr. 16,
  2009) ........................................................................................................................ 4

*Fuhrman v. Cal. Satellite Sys.*,
  179 Cal. App. 3d 408 (1986) ............................................................................ 2, 3

*Hisamatsu v. Niroula*,
  No. C-07-04371-JSW, 2009 WL 4456392 (N.D. Cal. Oct. 22, 2009) ............ 2, 3

*Katzberg v. Regents of University of California*,
  29 Cal. 4th 300 (2002) ........................................................................................... 4

*MGIC Indem. Corp. v. Weisman*,
  803 F.2d 500, 504 (9th Cir. 1986) ...................................................................... 10

*Miele v. Perlstein*,
  No. 05-56582, 2007 WL 1853109 (9th Cir. June 26, 2007) ............................... 8

*Monex Deposit Co. v. Gilliam*,
  666 F. Supp. 2d 1135 (C.D. Cal. 2009) .......................................................... 2, 3

*Moore v. Kayport Package Express, Inc.*,
  885 F.2d 531 (9th Cir. 1989) .............................................................................. 12

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

**YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)**

*Padgett v. City of Monte Sereno*,
  No. C 04-03946, 2007 U.S. Dist. LEXIS 24309 (N.D. Cal. Mar. 20, 2007) ... 2, 3

*Rich & Whillock, Inc. v. Ashton Dev. Inc.*,
  157 Cal. App. 3d 1154 (Cal. App. 4th Dist. 1984) .............................................. 4

*Rothman v. Vedder Park Mgmt.*,
  912 F.2d 315 (9th Cir. 1990) ..................................................................... 3, 5, 6

*Sheehan v. Atlanta Int'l Ins. Co.*,
  812 F.2d 465 (9th Cir. 1987) ............................................................................. 4

*Sigmond v. Brown*,
  645 F. Supp. 243 (C.D. Cal. 1986) .................................................................... 5

*Silberg v. Anderson*,
  50 Cal. 3d 205 (1990) ........................................................................................ 3

*Stevenson Real Estate Servs., Inc., v. CB Richard Ellis Real Estate Servs., Inc.*,
  138 Cal. App. 4th 1215 (2006) .......................................................................... 8

*United States v. Stefonek*,
  179 F.3d 1030 (7th Cir. 1999) ........................................................................... 3

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ......................................................................... 12

*Walker v. Geico Gen. Ins. Co.*,
  558 F.3d 1025 (9th Cir. 2009) ........................................................................... 9

*Walker v. USAA Cas. Ins. Co.*,
  474 F. Supp. 2d 1168 (E.D. Cal. 2007) ............................................................. 9

*Wolk v. Green*,
  516 F. Supp. 2d 1121 (N.D. Cal. 2007) ......................................................... 2, 3

**STATUTES**

California Business & Professions Code § 17200 ................................................ 1, 9

California Penal Code §§ 518-19 ...................................................................... 2, 3, 4

California Penal Code § 524 ..................................................................................... 2

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

**OTHER AUTHORITIES**

Cal. Jur. 3d Damages § 208 ................................................................................................ 8

Federal Rule of Civil Procedure 8 .................................................................................... 12

Federal Rule of Civil Procedure 9(b) ............................................................... 1, 9, 10, 11, 12

Restatement (Second) of Torts § 874A ......................................................................... 3, 4

Witkin, CALIFORNIA PROCEDURE, 5th Ed. § 934 ........................................................... 8

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv.

**YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)**

Defendant Yelp! Inc. ("Yelp") provides an online forum that enables consumers to share their actual and unvarnished reviews and opinions of local businesses. Inevitably, some of the reviews are unfavorable and just as inevitably, some of those unfavorably reviewed businesses feel aggrieved.

Here, ten such businesses allege that Yelp's business model is built on extortion and manipulation of reviews to drum up advertising (a charge that Yelp categorically denies). The language of Plaintiffs' complaint and their Opposition brief is certainly provocative—Yelp is compared to a "gangster" demanding "protection" money and to a "bookie" threatening physical injury. But Plaintiffs' Opposition, like their complaint, is more concerned with accusation and innuendo than with fidelity to fact or law. Indeed, it is telling that the Opposition begins by selectively quoting and giving a nefarious "spin" to a comment made by Yelp's CEO that is not found in the complaint (obviously improper for consideration on a motion to dismiss). But hyperbole cannot mask the complaint's defects.

Plaintiffs' claims are improperly pled, based on outdated law, and filled with contradiction. *First*, they now concede that there is no viable claim for relief under the Penal Code, and while they argue that they are bringing a claim for "civil extortion," that claim is not cognizable. Even if it were, Plaintiffs have failed to allege wrongful use of fear or coercive force. *Second*, their claim for amorphous goodwill losses for their interference with prospective economic advantage claim is not pled with particularity, and their attempt to distinguish good law is unavailing. *Third*, Plaintiffs attempt to find support for Non-Sponsor Plaintiffs' standing under Section 17200 by citing to cases that are no longer good law in this circuit, thereby ignoring clear controlling authority. *Finally*, in an attempt to avoid Rule 9(b)'s requirements, Plaintiffs tie themselves into contradictory knots, many times taking demonstratively false positions. In reality, all of their claims are based on misrepresentation and all must be pled with particularity. Plaintiffs' non-specific, conclusory allegations (most not tied to any named plaintiff) have failed to do so.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

## ARGUMENT

### I. Plaintiffs' Claims Under the Penal Code Should Be Dismissed (Counts I and II).

#### A. There Is No Authority to Bring a Civil Penal Code Claim and a Claim for "Civil Extortion" Should Not Be Created.

Plaintiffs do not dispute the impropriety of their attempt to bring a private right of action under the California Penal Code. In fact, they all but acknowledge it.[1] (*See* Pls.' Opp'n at 5 n.4.) For the reasons set forth in Yelp's moving brief, these two claims are not cognizable and should be dismissed.

Nor should the claims be allowed to proceed as "civil extortion" or "attempted civil extortion." As described in Yelp's moving brief, in the last three years, a split has developed among California district courts as to the propriety of a California claim for civil extortion. Prior to 2007, not a single case allowed a claim for civil extortion to proceed under California law. Not willing to allow claims that were quite literally unprecedented to proceed, two district courts explicitly held that there is no claim in California for civil extortion. See *Arista Records v. Sanchez*, No. CV 05-07046 FMC, 2006 WL 5908359, at *2 (C.D. Cal. Mar. 1, 2006) and *Wolk v. Green*, 516 F. Supp. 2d 1121, 1129 (N.D. Cal. 2007).

Starting in 2007, three federal[2] district courts have allowed civil extortion claims to proceed. *Padgett v. City of Monte Sereno*, No. C 04-03946, 2007 U.S. Dist. LEXIS 24309 (N.D. Cal. Mar. 20, 2007); *Monex Deposit Co. v. Gilliam*, 666 F. Supp. 2d 1135 (C.D. Cal. 2009); *Hisamatsu v. Niroula*, No. C-07-04371-JSW,

---

[1] As written, the claims do not allege extortion, but rather, violation of the Penal Code. For example, the word "extortion" never appears in the Count I allegations (FAC ¶¶ 183-85), whereas FAC ¶ 185 explicitly states that "Yelp's conduct constitutes a violation of Cal. Pen. Code §§ 518-19." While Count II contains the word "extortion," it explicitly ties it to a violation of the Penal Code. (FAC ¶¶ 188, 191 ("The foregoing constitutes Attempted Extortion in violation of Cal. Pen. Code § 524.").) Plaintiffs cannot proceed with a claim that, as alleged, is non-cognizable.

[2] Apart from *Fuhrman*, Plaintiffs have not and cannot point to any California state court decision recognizing a claim for civil extortion.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

2009 WL 4456392 (N.D. Cal. Oct. 22, 2009).³ In each of these cases, the authority for allowing such a claim rests on one case: *Fuhrman v. Cal. Satellite Sys.,* 179 Cal. App. 3d 408 (1986), *overruled on other grounds by Silberg v. Anderson*, 50 Cal. 3d 205, 218 (1990). But *Fuhrman* did <u>not</u> allow a claim to proceed as civil extortion and certainly not as a claim under the elements of the Penal Code. (*Cf.* FAC ¶ 185 ("Yelp's conduct constitutes a violation of Cal. Pen. Code §§ 518-19").) On the contrary, *Fuhrman* essentially allowed what plaintiffs had labeled as a claim for civil extortion to proceed under the law of duress. *Fuhrman,* 179 Cal. App. 3d at 426 ("It is essentially a cause of action for moneys obtained by duress, a form of fraud" and holding that plaintiff did not meet the elements of duress). Nowhere in *Fuhrman* is there a reference to Penal Code §§ 518-19 or to the elements that make up such a violation. To the contrary, the holding of *Fuhrman* was extremely limited: "[h]owever denominated (e.g., extortion, menace, duress), our Supreme Court has recognized a cause of action for the recovery of money <u>obtained by the wrongful threat of criminal or civil prosecution</u>." *Id*. (emphasis added). Plaintiffs, of course, do not make a claim for recovery of money obtained by wrongful threat of criminal or civil prosecution. Thus, Yelp urges the Court to follow *Arista Records* and *Wolk* (and not to follow *Padgett*, *Monex*, and *Hisamatsu*), and to dismiss Plaintiff's claims for extortion and attempted extortion.⁴

---

³ Plaintiffs misstate the holding in *Rothman v. Vedder Park Mgmt.*, 912 F.2d 315 (9th Cir. 1990). *Rothman* did not recognize a claim for civil extortion. Rather, *Rothman* found that plaintiffs had failed properl to allege the predicate act of the crime of extortion (citing to the Penal Code) and therefore could not state a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO). *Id.* at 318.

⁴ Furthermore, a civil claim for "attempted" extortion is not cognizable because "attempt" is a distinctly criminal law concept, and to allow such a claim would greatly expand the concept of tort liability under the common law. *See United States v. Stefonek*, 179 F.3d 1030, 1036 (7th Cir. 1999) ("**There are no 'attempted torts.'**") (emphasis added).

While Plaintiffs invite the Court to follow *Monex* in looking to the Restatement (Second) of Torts § 874A to allow a claim for attempted extortion (Pls.' Opp. at 4 n.2), the *Monex* court did not undertake the analysis required by *Crusader Ins. Co. v. Scottsdale Ins. Co.*,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

Nor should Plaintiffs' extortion claim be allowed to proceed as a claim for duress. Plaintiffs do not allege the elements of duress, which differ in very important respects from the elements laid out in Penal Code §§ 518-19 and applied in criminal law. Duress is "the doing of a wrongful act which is sufficiently coercive to cause a reasonably prudent person faced with <u>no reasonable alternative</u> to succumb to the perpetrator's pressure." *Rich & Whillock, Inc. v. Ashton Dev. Inc.*, 157 Cal. App. 3d 1154, 1158 (Cal. App. 4th Dist. 1984) (emphasis added). While this definition may be *similar* to the definition of extortion in Penal Code §§ 518-19, it is in no way identical. Especially important to duress is that the plaintiff must be left with "no reasonable alternative to succumb to the perpetrator's pressure." While economic harm may suffice, "no reasonable alternative" means that the victim "must succumb to the demands of the wrongdoer <u>or else suffer financial ruin</u>." *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 469 (9th Cir. 1987) (emphasis added). The FAC does not allege these elements of duress.

Thus, Plaintiffs' claims for extortion and attempted extortion must be dismissed. At a minimum, Plaintiffs must amend to state a duress claim or, at least, to clarify that they do not bring a claim under Penal Code §§ 518, 519, or 524.

### B. Even if This Court Allows a Claim for Civil Extortion, Plaintiffs Have Failed to State Such a Claim in Count I.

#### 1. No "Wrongful" Use of Fear Properly Alleged.

Plaintiffs' Opposition is replete with examples of what constitutes a

---

54 Cal. App. 4th 121, 125-37 (1997) (legislative intent determines whether a statute creates a new private right to sue) or *Katzberg v. Regents of University of California*, 29 Cal. 4th 300, 325-28 (2002) (applying Restatement 2d. Torts § 874A to analysis of whether to permit creation of private rights of action for <u>constitutional</u> violations where there is no demonstrable legislative intent for such actions, but only after first analyzing whether tort should be created, and ultimately declining to do so). *See also Animal Legal Def. Fund v. Mendes*, 160 Cal. App. 4th 136, 144-45 (2008) (no private right of action can be created from Penal Code absent legislative intent); *Flowers v. County of Fresno*, No. CV F 09-0051 LJO GSA, 2009 WL 1034574, at *7-*8 (E.D. Cal. Apr. 16, 2009) (same).

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

"wrongful" act for extortion. For example, they liken Yelp to a gangster who threatens to destroy property if he does not receive "protection" and to a bookie who threatens to break a customer's legs if not paid.

But Plaintiffs misunderstand the issue. The gangster and bookie are guilty of extortion because *they had no right to take the wrongful action*. It is illegal to destroy another's property or to break another's legs. By contrast, even if Plaintiffs' allegations were true, it is <u>not</u> wrongful for Yelp to favor advertisers; Yelp has a right to give benefits to advertisers and deny those benefits to those who choose not to advertise. Indeed, Yelp may rightfully feature, delete, or post whichever reviews it chooses on its website.

Apart from Plaintiffs' unsupported, unexplained allegations that Yelp is misrepresenting its objectivity to consumers (an allegation that Plaintiffs assert is "merely incidental to Plaintiffs' [claims]" (Pls.' Opp'n at 14)), the essence of Plaintiffs' allegations is that Yelp sales representatives have said to advertisers, "if you don't pay us, I'm not going to give you the lawful services and benefits (whatever those benefits might entail) that I give those who do pay us." Such a threat is not wrongful, even if the benefits advertisers receive is business promotion in the form of thousands of consumers flooding through their doors. In fact, when boiled down, what Plaintiffs claim is that (a) Yelp is a powerful consumer-mobilizing force and (b) Yelp mobilizes its power in a pro-advertiser manner. In this way, Yelp is no more culpable than an advertising agency that performs advertising services for only its paying customers, and promotes its clients to the detriment of other brands. Nor is Yelp more culpable than the defendant in *Sigmond v. Brown*, 645 F. Supp. 243, 246 (C.D. Cal. 1986), where the Court held that there is no extortion in an offer of more favorable reviews by a peer review committee member in exchange for business referrals.

Plaintiffs' allegations against Yelp are thus like those against the trailer park owner in *Rothman v. Vedder Park Management*, 912 F.2d 315 (9th Cir. 1990), who

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

threatened to raise tenants' rent if they did not resign their leases, which the court found was not extortionate because once existing leases had expired, the owner had a right to raise the rent on the tenants living on his property. *Id.* at 317-18.

### 2. Sponsor Plaintiffs Do Not Specifically Allege Coercion, But Do Admit Being Motivated by Business Advantages.

In its moving brief, Yelp noted that the Sponsor Plaintiffs (*i.e.*, those who purchased advertising) had uniformly alleged that they signed up because they would receive certain benefits as Sponsors. <u>None</u> of them allege that they signed up for any other reason. (Def.'s Br. at 8-9.) Plaintiffs argue in opposition that, in fact, the FAC contains certain allegations that could be read to suggest that these Plaintiffs signed up because they felt threatened. (Pls.' Opp'n at 8.) For example, they point to FAC ¶ 92, which states that "Businesses frequently become Sponsors . . . because they fear the consequences of declining a Sponsorship." But this conclusory allegation is completely unconnected to any specific Plaintiff and should be disregarded. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (only "well-pleaded, nonconclusory factual allegation[s]" should be accepted as true).

Plaintiffs also cite to FAC ¶ 175, which states that "Like Plaintiffs, all members of the Non-Sponsor and Sponsor Classes were threatened . . ." This attempt to save the FAC by reference to an alleged harm to unnamed potential class members must also fail. Since out of <u>ten</u> <u>named</u> Plaintiffs, there is not a single allegation that anyone bought advertising for a reason other than to receive the benefits of such advertising or that anyone was unlawfully threatened, this allegation as to non-named plaintiffs must be seen as pure speculation. (*See* FAC ¶¶ 151-54, 162-63, 167-69.)

### 3. Coercion Has Not Been Adequately Pled.

Yelp argued in its moving brief that Plaintiffs have failed to allege fear of such a degree that "compelled" them to become Yelp advertisers such that their consent was "coerced and unwilling." (Def.'s Br. at 10.) Nor have they put

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

forward any plausible allegations that their fear of Yelp was the "operating" and "primary" reason they signed up to be Yelp Sponsors. All such elements are required to state a claim for extortion under the Penal Code.[5] To the contrary, the Sponsor Plaintiffs' allegations suggest that each of them signed up for Yelp because Yelp offered them certain benefits, such as the ability to control the appearance of reviews or pictures on their businesses' pages, which they found attractive. (FAC ¶¶ 151-54, 162-63, 168.)

Plaintiffs refrain from directly addressing this requirement of "coercion" in their opposition brief because they cannot do so. Instead, Plaintiffs cite to a few cases for the proposition that threats to business interests can constitute extortion. (Pls.' Opp'n at 6.) But even threats to business must be sufficiently egregious, to ensure that the alleged "fear" was the primary reason that "coerced" Plaintiffs into succumbing to the alleged threats. While Plaintiffs cite many cases and compare Yelp to a gangster and a bookie, the allegations in the FAC (apart from conclusory rhetoric) come nowhere close to alleging the coercion or fear imposed by a gangster or bookie threatening physical harm to person or property or to the coercion or fear in Plaintiffs' cited cases.[6]

## II. Plaintiffs Fail to State a Claim for Interference with Prospective Business Advantage (Count III).

### A. Plaintiffs Do Not Plead Damages to Their Business Goodwill with the Requisite Particularity.

Yelp argued in its moving brief (Def.'s Br. at 11-13) that Plaintiffs have failed to plead damages to their business's goodwill with the requisite particularity. *See Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 257 (1968) (finding special

---

[5] Furthermore, that seven of the ten Plaintiffs never agreed to advertise in the first place demonstrates that whatever "fear" Plaintiffs may have felt was not "compelling" enough to overcome the will of the businesses.

[6] Under the law of duress, Plaintiffs have also not put forward any allegations sufficient to prove they were left with "no reasonable alternative" and that they would "suffer financial ruin" if they did not agree to advertise with Yelp.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

damages allegations cannot be "vague" and must "show . . . a connection between that damage and the defendant['s] [actions]").

Plaintiffs rely solely on *Miele v. Perlstein*, No. 05-56582, 2007 WL 1853109, at *1 (9th Cir. June 26, 2007), to argue that their naked allegations of having suffered harm to their goodwill are sufficient. But *Miele did not involve damage to business goodwill* and thus does not apply here. *Id*.

Instead, *Diodes* is still good law. In the 42 years since it was decided, it has never been distinguished, let alone overruled on any ground. In fact, it is cited in leading treatises for the need to plead special damages with particularity. *See* CAL. JUR. 3D *Damages* § 208; Witkin, CALIFORNIA PROCEDURE, 5th Ed. § 934. Furthermore, Plaintiffs' statement that *Diodes* holding was "dicta" (Pls.' Opp'n at 9) is impossible to square with the decision, which held that the allegations failed, first, because they "are vague" and, second, because no causal connection had been alleged. 260 Cal. App. 2d at 257 ("The damage averments as pleaded are vague . . . . The absence of adequate averments to plead special damage causally related to the claimed wrong is <u>fatal</u> to a cause of action in tort . . .").

### B. Plaintiffs Have Failed as a Matter of Law to Establish that the Alleged Interference by Yelp Was Independently Wrongful.

As established in Yelp's moving brief and for the reasons discussed in Sections I, III, and IV herein, Plaintiffs have failed to plead that Yelp committed extortion, attempted extortion, or a violation of the UCL. Therefore, Yelp's conduct cannot be deemed "independently actionable," and Plaintiffs have failed to state a claim for intentional interference with prospective economic advantage. *Stevenson Real Estate Servs., Inc., v. CB Richard Ellis Real Estate Servs., Inc.*, 138 Cal. App. 4th 1215, 1224 (2006). Plaintiffs' Opposition brief offers nothing to the contrary. (*See* Pls.' Opp'n at 10.)

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

### III. The Non-Sponsor Plaintiffs Do Not Have Standing Under California Business and Professions Code § 17200 (Count IV).

Plaintiffs discuss in elaborate detail various district court decisions in the Ninth Circuit and other circuits that have held that a plaintiff does not need to be entitled to restitution under § 17200 to have standing. (*See* Pls.' Opp'n at 10-13.) In fact, they include an almost page-long quotation from one district court describing that court's view that the reasoning of *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168 (E.D. Cal. 2007), should not be adopted. (Pls.' Opp'n at 11.) Plaintiffs' argument is fundamentally flawed because ***the cases they cite have been abrogated by the Ninth Circuit***. In its decision on appeal from the *Walker* case, the Ninth Circuit rejected the position advanced by Plaintiffs here, unanimously affirming and fully adopting the lower court's reasoning. *See Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025, 1027 (9th Cir. 2009). Thus, as of 2009, the controlling law throughout the Ninth Circuit is that § 17200 standing is "limit[ed] . . . to individuals who suffer losses of money or property that are eligible for restitution." *Id.* (*See* Def.'s Br. at 15-16 (discussing both district court and Ninth Circuit decisions in *Walker*).)[7] Accordingly, the Non-Sponsor Plaintiffs do not have standing to sue under § 17200 and their claim must be dismissed.

### IV. Plaintiffs' Claims Fail to Satisfy Rule 9(b)'s Heightened Pleading Requirements.

#### A. Plaintiffs' Claims Are All Grounded in Fraud.

Yelp showed in its moving brief that each of Plaintiffs' claims are grounded in fraud. (Def.'s Br. 19-21.)

---

[7] Notably, Plaintiffs' Opposition fails to discuss or even to cite the Ninth Circuit's decision in *Walker*, which is the controlling authority on this point. The Opposition states that the district court's decision in *Walker* is the decision "on which Yelp relies" (Pls.' Opp'n at 11), omitting any mention of the Ninth Circuit's affirmance—or the fact that Yelp explicitly discusses and relies on the Ninth Circuit's affirmance in its moving brief (Def.'s Br. at 15-16).

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

Plaintiffs' Opposition makes it clear that Plaintiffs are trying to have it both ways: they (a) want to base their claims on fraud (and, in fact, have brought a claim under the UCL's "fraudulent" prong), but (b) do not want to be subject to Rule 9(b). Plaintiffs argue that their claims are not fraud-based and that "Yelp's public deception is <u>merely incidental</u> to Plaintiffs' claims of extortion, interference and unfair competition." (Pls.' Opp'n at 14 (emphasis added).) This strained fence-straddling is impossible to square with Plaintiffs' complaint, which relies heavily on allegations of misrepresentation and deception.

In fact, in Plaintiffs' summary of their claims in the parties' Joint Rule 26(f) Report, Plaintiffs remove all doubt that their case is built on misrepresentation. After describing Yelp, Plaintiffs give the following summary of their claims:

> Plaintiffs assert that Defendant's large sponsorship sales force extorts business owners by claiming to consumers looking for reviews of local businesses that its site is an impartial repository of consumer reviews, while actually manipulating or offering to manipulate its pages to favor those who purchase costly subscriptions from Yelp, and disfavoring businesses that refuse to purchase subscriptions.

(Joint Rule 26(f) Report (Dkt. No. 28), Part I.A.1.)[8] Thus, in Plaintiffs' view, the heart of their claims—all their claims—is Yelp's alleged misrepresentation to consumers. When describing their claims in one sentence, Plaintiffs emphaisze Yelp's alleged misrepresentation to consumers. To argue here that their claims are not grounded in fraud is untenable.

Furthermore, while Plaintiffs argue that the "case does not sound in fraud because **Plaintiffs do not allege that <u>they were ever deceived</u>**" (Pls.' Opp'n at 13 (emphasis in original)), this statement is directly contradicted by the FAC, which alleges: "Yelp's conduct constitutes 'fraudulent' business acts and practices because the conduct has ***a tendency to deceive <u>the Plaintiffs</u> and the Classes***, and

---

[8] The court may take judicial notice of a party's court filings. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

the general public." (FAC ¶ 207 (emphasis added).)[9]

As yet another example of Plaintiffs being tripped up by their own allegations, Plaintiffs argue that the "consumers" in FAC ¶ 205 (alleging violation of UCL "unfair" prong) are Plaintiff and Class member businesses only, not the general public, because small businesses are Yelp's only customers. (Pls.' Opp'n at 16.) But this assertion does not comport with the other allegations of the FAC or with their use of the word "consumers" in their statement of claims in the Joint Rule 26(f) Report. It is also inconsistent with the fact that anyone can browse the Yelp website to find ratings and reviews of businesses. (FAC ¶¶ 18-19.)

Plaintiffs' attempts to bring claims based on misrepresentation without meeting Rule 9(b)'s requirements should be rejected.

### B. Plaintiffs Fail to Plead with Particularity.

While Plaintiffs argue that their claims are not grounded in fraud, they nevertheless devote six pages of their Opposition, in a shotgun approach, to bullet points quoting the FAC in an effort to show that the FAC is particularized. (Pls.' Opp'n at 18-24.) These points fall into two categories: (1) conclusory allegations, only some of which bear relation to fraudulent conduct[10]; and (2) details regarding the experiences of the named Plaintiffs that bear no relation to fraudulent conduct.[11] To meet Rule 9(b)'s requirements, a plaintiff must plead the "'who, what, when,

---

[9] In the section of the Opposition arguing that "Rule 9(b) Does Not Apply To Any Of The Claims" (Pls.' Opp. at 13-16 (emphasis added)), Plaintiffs omit any mention of this allegation, which is clearly directly relevant to the issue. But they nonetheless discuss it on the last page of the Opposition in a section making an argument *in the alternative* (that is, assuming that Rule 9(b) applies). (*Id.* at 25).

[10] FAC ¶¶ 20-21, 36-37, 48-49, 56, 58, 61-64, 65-69, 78-79, 81-82, 91, 93. Notably, the bullet points under the sections titled "Yelp Personnel and Agents Leverage Reviews to Curry Business and Favors" and "Yelp Deceives Individual Internet Users and the General Public" contain only citations to conclusory allegations in the FAC.

[11] FAC ¶¶ 98, 99, 110, 112-14, 123-24, 126, 131, 133, 136, 138, 143, 144-45, 150-52, 156, 159 162, 168.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)

1  where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317
2  F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). "[M]ere conclusory allegations
3  of fraud are insufficient" to satisfy Rule 9(b)'s particularity requirements. *Moore v.*
4  *Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). And allegations
5  regarding Yelp's conduct that bear no relation to fraud are similarly insufficient to
6  satisfy the particularity requirements of Rule 9(b). The sheer quantity of these
7  allegations does not help Plaintiffs in satisfying the Rule 9(b) standard.

8  Even Plaintiffs' claim that they were deceived is not stated with particularity.
9  (*See supra* and FAC ¶ 207.) While Plaintiffs contend that "[t]his allegation is
10 particularized" and cite to FAC paragraphs 20, 36, and 37 (Pls.' Opp'n at 25), none
11 of those paragraphs contain the level of particularized detail sufficient to satisfy
12 Rule 9(b). Paragraph 20 merely states that Yelp regularly manipulates the content
13 on Yelp.com listing pages, paragraph 36 describes the manner in which suspicious
14 reviews are removed from a business's listing page, and paragraph 37 states that
15 Yelp draws users with the "promise" that the site offers an objective ranking of
16 competing businesses. It is unclear how these allegations even articulate a
17 plausible, non-conclusory theory of fraud under Rule 8, much less how they
18 provide Rule 9(b)'s required "who, what, when, where, and how" of the fraud.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Yelp's moving brief, Yelp respectfully submits that Plaintiffs' First Amended Complaint should be dismissed for failure to state a claim.

Dated: April 19, 2010                    COOLEY GODWARD KRONISH LLP

                                         */s/ Matthew D. Brown*
                                         Matthew D. Brown (196972)
                                         Attorneys for Defendant
                                         YELP! INC.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

YELP'S REPLY ISO MOTION TO DISMISS
FIRST AMENDED COMPLAINT
CASE NO. CV 10-01340 BF(SSx)