1
2
3
4
5
6

**THE WESTON FIRM**
GREGORY S. WESTON (239944)
JACK FITZGERALD (257370)
888 Turquoise Street
San Diego, CA 92109
Telephone: (858) 488-1672
Facsimile: (480) 247-4553
greg@westonfirm.com
jack@westonfirm.com

7
8
9
10
11
12

**BECK & LEE BUSINESS TRIAL LAWYERS**
JARED H. BECK (233743)
ELIZABETH LEE BECK (233742)
28 West Flagler Street, Suite 555
Miami, FL 33130
Telephone: (305) 789-0072
Facsimile: (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

13

<u>**Attorneys for Plaintiffs and the Proposed Classes**</u>

14

15
16

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| CATS AND DOGS ANIMAL HOSPITAL, INC.; ASTRO APPLIANCE SERVICE; BLEEDING HEART, LLC; CALIFORNIA FURNISHINGS, INC.; CELIBRÉ, INC.; J.L. FERRI ENTERTAINMENT, INC.; LE PETITE RETREAT DAY SPA, LLC; SAN FRANCISCO BAY BOAT CRUISES, LLC; WAG MY TAIL, INC.; and ZODIAC RESTAURANT GROUP, INC., on behalf of themselves and all others similarly situated, <br><br>            Plaintiffs, <br>    v. <br><br>YELP! INC., <br>            Defendant. | Case No: 2:10-cv-01340-VBF-SS <br><br>Pleading Type: Class Action <br><br>**PLAINTIFFS' SURREPLY & NOTICE OF NEW AUTHORITY IN OPPOSITION TO DEFENDANT YELP! INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br>Hearing Date: May 3, 2010 <br>Hearing Time: 1:30 p.m. <br><br>Judge:  Hon. Valerie Baker Fairbank |

1  Defendant asserts that in *Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025 (9th

2  Cir. 2009), the Ninth Circuit radically altered UCL standing requirements such that

3  only parties who have suffered injuries eligible for restitution from the defendant

4  have standing to seek injunctive relief.

5  In fact, the discussion of UCL standing in *Walker* is limited to one

6  paragraph. The plaintiff in that action alleged no loss of money or property at all,

7  but rather the potential loss of income if the defendant insurance company did not

8  pay higher rates for auto repair service. Such injury, as the district court noted, did

9  not even rise to the level of a "vested legal interest" in lost money or property.

10 *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172-73 (E.D. Cal. 2007).

11 The plaintiff in *Walker* did not allege the types of losses that are traditionally

12 addressable by restitution, arguing instead that "although he cannot establish the

13 requisite 'lost money or property' for purposes of monetary relief under the UCL,

14 he is nevertheless entitled to an injunction[.]" 558 F.3d at 1027. By failing to allege

15 any loss of money or property, Walker failed to establish threshold standing. But

16 once that threshold is met, a plaintiff need not go further and show she is entitled to

17 restitution in the *specific case at bar*. Such a requirement would practically cripple

18 the UCL.

19 One district court has already rejected an identical attempt to misconstrue

20 *Walker*, and Judge Chesney's reasoning is worth excerpting at some length:

21 In support of its argument, Logitech relies on *Walker v. Geico Gen. Ins.*

22 *Co.*, 558 F.3d 1025 (9th Cir. 2009), and *Buckland v. Threshold Enters.,*

23 *Ltd.*, 155 Cal. App. 4th 798, 66 Cal. Rptr. 3d 543 (2007), wherein

standing under the UCL was stated to be limited "to individuals who

24 suffer losses of money or property that are eligible for restitution." See

25 *Walker*, 558 F.3d at 1027. In so stating, however, neither *Walker* nor

*Buckland* was suggesting that the only type of action that may be brought

26 under the UCL is one for restitution, nor would such a holding be

27 consistent with the language of the UCL, which, for purposes of standing,

28 requires only that the plaintiff have "suffered injury in fact and [] lost

1

money or property." Rather, those courts, by the use of the phrase "eligible for restitution," were endeavoring to distinguish between the losses claimed in the respective cases before them and the type of loss cognizable under the UCL, specifically, a loss of "money or property" in which the plaintiff has "either prior possession or a vested legal interest." See *Walker*, 474 F. Supp. 2d at 1172. In particular, as determined in both Walker and Buckland, neither of the respective plaintiffs therein had actually "lost money or property" of any sort. See *Walker*, 474 F. Supp. 2d at 1173 (finding plaintiff lacked vested interest where claim based on "estimate for proposed work"; distinguishing case where claim based on non-payment for work performed); *Buckland*, 155 Cal. App. 4th at 818 & n.11 (noting Buckland "voluntarily [bought] [the] defendant's product to pursue a UCL action in the public interest," and, consequently, her purchase "[could not] reasonably be viewed as 'lost' money or property under the standing requirement").

By contrast, where a plaintiff has adequately alleged "loss of income," "loss of financial resources," or "economic loss," a number of courts, subsequent to the enactment of the UCL standing requirement at issue herein, have found such plaintiff has standing under the UCL, irrespective of any such plaintiff's inability to seek restitution from the defendant named therein. See, e.g., *White v. Trans Union LLC*, 462 F. Supp. 2d 1079, 1084 (CD. Cal. 2006) (holding, where plaintiff alleges "loss of income" and seeks only injunctive relief, UCL "does not require that the losses in question were the product of the defendant's wrongful acquisition of the plaintiff's property"); *So. Cal. Housing Rights Ctr. v. Los Feliz Towers Homeowners Ass'n*, 426 F. Supp. 2d 1061, 1069 (CD. Cal. 2005) (holding plaintiff Housing Rights Center had standing under UCL "because it present[ed] evidence of actual injury based on loss of financial resources in investigating [a discrimination] claim and diversion of staff time from other cases to investigate the allegations [therein]"); *Aron v. U-Haul Co. of Cal.*, 143 Cal. App. 4th 796, 802-03 (2006) (holding plaintiff had standing where plaintiff alleged "he suffered economic loss by being required to purchase excess fuel" from third party before returning rental truck to defendant).

*Fulford v. Logitech, Inc.*, 2009 U.S. Dist. LEXIS 42296 at *2-6 (N.D. Cal. May 8, 2009) (footnotes and some citations omitted).

1    Likewise, in *Swain v. Cach, LLC*, several months after *Walker*, the court

2  noted that "the UCL does not require a loss of money or property that is eligible

3  for restitution." 2009 U.S. Dist. LEXIS 126340 at *7 (N.D. Cal. Nov. 4, 2009). See

4  also *Cedars-Sinai Med. Ctr. v. Global Excel Mgmt* (plaintiff hospital had UCL

5  standing against a third party that evaluated claims referred by insurance

6  companies) 2009 U.S. Dist. LEXIS 120411 at *24 (C.D. Cal. Dec. 4, 2009).

7    Even if *Walker* stood for what Defendant claims, UCL standing is purely an

8  issue of California law, and two decisions issued on April 19, 2010 from the

9  California Court of Appeal are controlling.

10    In *Wallace v. Geico Gen. Ins. Co.*, 2010 Cal. App. LEXIS 532 (Apr. 19,

11  2010), a plaintiff paid for repair work that Geico refused to cover. Plaintiff did not

12  seek restitution of her premium, but an order that Geico pay for this work:

13    Wallace "suffered injury in fact" and "lost money or property" as a result

14    of the practices at issue in this lawsuit. (§ 17204.) Specifically, Wallace

15    was injured by paying for the repair work to her vehicle that GEICO did

16    not agree to cover.

17  *Wallace*, 2010 Cal. App. LEXIS 532 at *21.

18    In *Hale v. Sharp Healthcare*, 2010 Cal. App. LEXIS 530 (Apr. 19, 2010) the

19  plaintiff adequately pled "injury in fact" where she was "imminently" obligated to

20  pay a large medical bill she alleged was the result of defendant's overcharging.

21  Under Defendant's erring "eligible for restitution" test she would not have UCL

22  standing since she had not paid the bill. Instead, the court held "this is not the type

23  of action Proposition 64 was intended to squelch" and the "contours of the injury-

24  in-fact requirement, while not precisely defined, are very generous, requiring only

25  that claimant allege some specific, 'identifiable trifle' of injury." *Hale*, 2010 Cal.

26  App. LEXIS 530 at *15 (internal citations and quotation marks omitted).

27

28

1    DATED: April 22, 2010                    Respectfully Submitted,

2

3                                               /s/Gregory S. Weston

4                                            Gregory S. Weston

5
                                             **THE WESTON FIRM**
6                                            GREGORY S. WESTON
                                             JACK FITZGERALD
7                                            888 Turquoise Street
8                                            San Diego, California 92109
                                             Telephone: 858 488 1672
9                                            Facsimile:  480 247 4553

10

11                                           **BECK & LEE BUSINESS TRIAL**
                                             **LAWYERS**
12                                           JARED H. BECK
                                             ELIZABETH LEE BECK
13                                           Courthouse Plaza Building
14                                           28 West Flagler Street, Suite 555
                                             Miami, FL 33130
15                                           Telephone: 305 789 0072
16                                           Facsimile:  786 664 3334

17                                           **<u>Counsel for Plaintiff and the</u>**
18                                           **<u>Proposed Class</u>**

19

20

21

22

23

24

25

26

27

28

4

**CERTIFICATE OF SERVICE**

I, Gregory S. Weston, declare as follows:

I am a resident of the state of California, over the age of 18 and not a party to the within action. My business address is The Weston Firm, 888 Turquoise Street, San Diego, California, 92109. On April 22, 2010, I served the following document:

1. Plaintiffs' Surreply & Notice of New Authority in Opposition to Defendant Yelp! Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint

by notice of Electronic Filing, which is a notice automatically generated by the CM/ECF system at the time the documents listed above were filed with this Court, to counsel listed by CM/ECF as "*ATTORNEY TO BE NOTICED.*"

I declare under penalty of perjury under the laws of the United States and the state of California that the foregoing is true and correct.

Executed on April 22, 2010 in San Diego, California.

s/ Gregory S. Weston
Gregory S. Weston

*Cats and Dogs Animal Hospital, Inc.et al. v. Yelp! Inc.*, Case No. 2:10-cv-01340-VBF-SS
PLAINTIFFS' SURREPLY & NOTICE OF SUPPLEMENTAL AUTHORITY