```
                                                                    JS-6
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 10-1340-VBF(SSx)**                    Dated: **May 3, 2010**

Title:     Cats and Dogs Animal Hospital, Inc. -v- YELP!, Inc.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

      Rita Sanchez                              None Present
      Courtroom Deputy                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                          None Present

**PROCEEDINGS (IN CHAMBERS):**        **COURT ORDER: (1) MOTION TO TRANSFER VENUE (DKT. #25); (2) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (DKT. #23)**

    Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing set for May 10, 2010 at 1:30 p.m. is hereby vacated and the matter taken off calendar.

    The Court has received, read, and considered Defendant Yelp! Inc. Motion to Transfer Venue (dkt. #25), Plaintiffs' Opposition (dkt. #31), and Defendant's Reply (dkt. #32). Under 28 U.S.C. § 1404(a) and for the reasons set forth herein, the Court finds that Defendant has met its burden of showing that the Northern District of California is clearly more convenient and **GRANTS** Defendant's Motion to Transfer Venue to that District.

    In light of this disposition, the separate Motion to Dismiss filed by Defendant Yelp!, Inc. (dkt. #23) is moot and taken off calendar.

MINUTES FORM 90                       Initials of Deputy Clerk ___rs___
CIVIL - GEN

## I. Introduction and Summary of Court's Analysis

In this action, Plaintiffs accuse Defendant Yelp! Inc. ("Defendant"), an online directory of businesses, of manipulating its business listing pages depending on whether Plaintiffs advertise with Yelp. (First Amended Compl. ¶ 93.) Plaintiffs assert claims for violations of California's Unfair Competition Law, Business and Professions Code Section 17200 *et seq.*, Cal. Penal Code 518-19, Cal. Penal Code 524 and intentional interference with prospective economic advantage. (FAC ¶¶ 183-208)

Defendant persuasively argues that Plaintiffs' chosen forum should be given less weight where Plaintiffs seek to represent a nationwide class. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Other relevant factors, such as the convenience of the witnesses and parties and consolidation with a related case pending in the Northern District of California also weigh in favor of transfer.

## II. Analysis

Title 28, section 1404(a), states, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party seeking a transfer bears the burden of proving transfer is warranted. *Decker Coal Co. v. Commonwealth Edison Co*, 805 F.2d 834, 843 (9th Cir. 1986). "A transfer will not be ordered if the result is merely to shift the inconvenience from one party to another." Schwarzer, Tashina & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* 4:785 (The Rutter Group 2010). "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is *clearly* more convenient, a transfer should be ordered." *Id.* (quoting *In re Volkswagen of America, Inc.*, 506 F.3d 376, 385 (5th Cir. 2007) (emphasis added)).

First, Defendant must prove the district to which it seeks to transfer is a forum in which the action originally could have been brought. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Defendant meets this burden. This action could have been brought in the Northern District of California. The Northern District of California would have subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) to the same extent as this Court. That District would also have personal jurisdiction, as Defendant has its principal place of business in San Francisco, California. (FAC ¶ 13) Finally, venue is proper. 28 U.S.C. §§ 1391(a)(c) (civil action by a corporation wherein

jurisdiction is founded on diversity of citizenship may be brought in any jurisdiction in which the corporation is subject to personal jurisdiction).

Second, Defendant must prove that transfer is for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). In determining whether transfer will accomplish these goals, courts look to a variety of factors, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Decker Coal*, 805 F.2d at 843. As set forth below, Defendant makes the requisite showing.

1. Plaintiffs' Choice of Forum

Plaintiffs argue that its choice of forum should not be disturbed. (Opp. at 4-5)  Generally, a defendant must make a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of the forum." *Decker Coal*, 805 F.2d at 843. The Defendant argues, however, that Plaintiffs' choice of forum is entitled to less deference in this case because Plaintiffs propose to represent a nationwide class. (Motion at 17)

Defendant's argument is persuasive. The Ninth Circuit has held that in class actions, plaintiffs' choice of forum must be given less weight where they propose to represent a nationwide class. *See Lou*, 834 F.2d at 739 ("Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight.") (internal citations omitted). Here, where Plaintiffs purport to represent a nationwide class (FAC ¶ 171), their choice of forum is given less weight.

Alternatively, Plaintiffs argue that courts consider the distribution of putative class members as a key factor in deciding venue transfer motion. *See Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 545 (N.D. Cal. 2005) (denying venue transfer motion where Northern

District of California was "home to a proportionately large segment of the putative class").

However, the evidence presented does not show that a large segment of the putative class is located in the Central District of California. Four of the ten named Plaintiffs maintain their principal place of business in the Central District, while three maintain their principal place of business in the Northern District. (Motion at 14-15; FAC ¶¶ 3, 4, 6, 7, 8, 11, 12) Other named Plaintiffs are located in New York, Washington, D.C., and Illinois. (FAC ¶¶ 5, 9, 10)

Based on the foregoing, this factor weighs in favor of transfer.

2. <u>Convenience of Witnesses</u>

The convenience of witnesses is an important factor to consider. *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1111 (C.D. Cal. 2007). However, the convenience of party witnesses is entitled to less weight than non-party witnesses, as they presumably would be able to testify in either forum. *See id.* The materiality of every witness' testimony must be shown. Defendant must demonstrate through affidavits who the key witnesses will be and what their testimony will generally include. *See Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243-44 (E.D. Cal. 2005).

Based on the evidence submitted, this factor weighs for transfer. Defendant asserts that 251 of its 362 employees work at the company's headquarters, located in the Northern District of California, while it has only four employees in the Central District of California. (Motion at 14; Byrne Decl. ¶ 14) Defendant states that the majority of witnesses, including Defendant's Salespeople, Sales Trainers, Engineers, Executives, User Operations, "are likely to be located in the Northern District of California." (Motion at 15; Byrne Decl. ¶ 14). Defendant does not, however, identify any non-employee witnesses, stating that "[s]ince discovery has yet to commence and initial disclosures have not yet been made, the identity of specific witnesses remains to be determined." (Motion at 15)

Plaintiffs do not list any non-party witnesses located in the Central District of California, and only four of the ten named Plaintiffs maintain their principal place of business in the Central District, while

three maintain their principal place of business in the Northern District. (Motion at 14-15; FAC ¶¶ 3, 4, 6, 7, 8, 11, 12)

3. Convenience of the Parties

     The convenience of the parties also weighs in favor of transfer. As stated above, Defendant is headquartered in the Northern District. (Motion at 16) Defendant argues that the Northern District is more convenient for the parties because they both have greater contact with the Northern District than the Central District. (Motion at 14) As stated above, Defendant asserts that 251 of its 362 employees work at the company's headquarters, located in the Northern District, while it has only four employees in the Central District. (Motion at 14; Byrne Decl. ¶ 14) Defendant again notes that three of the ten named Plaintiffs maintain their principal place of business in the Northern District. (Motion at 14; FAC ¶¶ 4, 7, 11)

     Further, Defendant claims that all named Plaintiffs have agreed to a forum selection clause consenting to jurisdiction and venue in the Northern District of California. (Motion at 1; Byrne Decl. 3-5, 10-11 & Exs. E, F) Defendant argues that although the forum selection clause is likely permissive and not mandatory, "the fact that the parties contemplated [a particular state] as a possible forum is entitled to 'substantial consideration' in [a venue transfer] analysis." *Unisys Corp. v. Access Co., Ltd.*, No. C05-3378, 2005 WL 3157457, at *5 (N.D. Cal. Nov. 23, 2005).

     Plaintiffs do not sufficiently explain why the Central District is more convenient, and instead focus much of their Opposition on two arguments: that permissive forum selection clauses carry little weight in the transfer analysis, and alternatively, that the Defendant's forum selection clause is unconscionable or that it is an adhesion contract. (Opp. at 11-24) The Court finds that these arguments do not factor heavily into its analysis. Because each of the other considerations weigh for transfer, it is unnecessary to determine what weight permissive forum selection clauses should carry in the transfer analysis.

4. Ease of Access to Evidence

     This factor is neutral. Defendant claims that its primary servers and documents are located in the Northern District. (Motion at 15-16;

Byrne Decl. ¶ 14) However, as Plaintiffs states, "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Metz v. U.S. Life Ins. Co.*, No. 09-CV-06811, 2009 U.S. Dist. LEXIS 126876, at *18 (C.D. Cal. Dec. 11, 2009) (internal citations omitted).

5.  <u>Consolidation with Northern District Case</u>

    The potential consolidation of this case with a related action currently pending in the Northern District of California also weighs for transfer. As Defendant asserts, transfer to the Northern District would serve the interest of justice by lowering the costs to the courts, facilitating expeditious pre-trial proceedings and discovery, and avoiding duplicative litigation and inconsistent results. (Motion at 11-13) (citing *See Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (internal quotations and citation omitted) (finding that "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent")).

    Plaintiffs argue that the first-to-file rule weighs against transfer. Indeed, "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).

    However, as Defendant states, a court may relax the first-to-file rule "if the balance of convenience weighs in favor of the later-filed action." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994). The Court finds that the balance of convenience weighs in favor of transfer, and thus the first-to-file rule does not prevent transfer.

**III. Conclusion**

    In sum, although the plaintiff's choice of forum is generally entitled to significant deference, because Plaintiffs here purport to represent a nationwide class, their choice is afforded less weight. Other factors, including related litigation pending in the Northern District of

California, similarly weigh in favor of transfer. For the reasons set forth herein, the Court finds that Defendant has clearly established that for the convenience of the parties and witnesses, and in the interests of justice, this action should be transferred to the Northern District of California.

| | |
|---|---|
| MINUTES FORM 90<br>CIVIL - GEN | Initials of Deputy Clerk  rs |